The opinion of the Court was delivered by
Gibson J.
Little had an improvement that entitled him to 440 acres, and it is conceded, that if he had rested on it, and done no act to lessen the extent of his claim, he would have been entitled to the land in dispute.. In 1786, he took out a warrant for 200 acres to include his improvement, calling for the owners of the adjoining lands. In 1795, a survey of 439 acres and 14 perches was made by Eaton, a deputy of Canon, including the land in dispute. After this survey was made, Little told Eaton, not to return the draught, or write his name on it, till he procured a settler on the end in dispute, and then he would.have to return, two draughts. It is not known when this draught was returned to Canon, but he received his fees in 1805. The taking a warrant for, and having a survey made, óf a less quantity than' a settler is entitled to, but not' returned, is not conclusive evidence of an intention to abandon the part not included; it is a'circumstance to be left to the jury, and may be explained and rebutted. Whether the return of such survey would make any difference, is a question which at present we do not decide. Here Little, at a time when there was no interfering claim, had his pretensions designated by a survey; he had previously, it is true, taken a warrant for 200 acres, but this without a survey, excluding the surplus to which he otherwise would be entitled, was no waver of his right. It is immaterial to the State, whether a settler obtains his quantity by more than one warrant, or not, provided he on the no *442 more than he is entitled to, and honestly pays for what he gets. If therefore, he gives notice to the world, by a survey of his pretensions, that the land is not vacant, nobody can complain. I cannot consider the draught made in 1795, as a survey on the warrant of 1786, for the surveyor was desi- , , . . red at the time, not to return it, or write Little’s name on it, as intended to take out another warrant, when it would be necessary to return two surveys. It was in fact, a survey to circumscribe his claim as á settler, and we afterwards, in 1812, find this warrant surveyed on the land in dispute, as soon .as’ the 'defendants had commenced their improvement. Whether there had been an abandonment or not, was a fact under all the circumstances of the case, fairly left to the jury; and in this part of the charge, it is clear there is no error.
But it is contended, that there is error on another ground. It is said, that.Little intended to hold but 200 acres under his improvement and warrant of 1785, and that by his request to the surveyor not to return the draught until he could put another settler on the land in dispute; and- obtain a warrant for it, he evinced an intention to defraud the State of interest on the purchase money, from his original improvement in 1774, to the commencement of his intended improvement, and that he meant to cover the land in the mean time, by his improvement right and survey,' including the whole. Whatever his intention may have been, it is admitted the State has in fact been paid as much as she had a right to demand, and that if a fraud were intended, it was not. effected. Whether a fraud intended; though not executed, would affect the title of the party, or whether he would have a locus penitentice, and might retract before its consummation, is a question about which I have no doubt. A bare intention, which injures no one, can have no effect. The fact of fraud, was put .to the jury as favourably for the plaintiff in error, as he could desire, or the law would warrant. The jury were instructed, that if they thought Little intended to defraud the Commonwealth, by putting a settler on, and not paying interest from the date of his original improvement, and before he changed that intention, a third party come in and acquired title, the plaintiff would not be entitled to recover. It is unnecessary to say, whether in this, the Judge erred in favour of the defendants ; it is sufficient, that he went full far enough. On-the facts, he delivered a pointed opinion *443 jn favour of the plaintiffs ; but as it was given merely as opinion, and not as a direction binding on the judgment of the jury, it would not, even if wrong, be, on that ground, the subject of error. The'judgment must be affirmed.
Judgment affirmed.